UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MONSTER ENERGY COMPANY,
a Delaware corporation,

Plaintiff,

v.

MASTER METAL WORKS LLC,
a Georgia limited liability company,

Defendant.

Civil Case No. 20-cv-00094-TES

**FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Monster Energy Company ("Plaintiff" or "Monster") and Defendant Master Metal Works LLC ("Master Metal Works" or "Defendant") consent and agree to the terms and conditions of this Final Consent Judgment and Permanent Injunction.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879. Monster is in the business of developing, marketing, selling, and distributing beverages, including energy drinks, among other products and services.

2. Master Metal Works is a limited liability company organized and existing under the laws of the State of Georgia, having a principal place of business at 307 Chapman Road, Byron, Georgia 31008. Master Metal Works is engaged in the business of offering welding and metal fabrication services.

3. Monster filed the Complaint in this action on March 11, 2020 alleging claims against Master Metal Works for: (a) trademark infringement under 15 U.S.C. § 1114; (b) trademark infringement, trade dress infringement, and false designation of origin under 15

- 1 -

Filed at  11:23 AM
5/28, 2020
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

U.S.C. § 1125(a); (c) trademark dilution under 15 U.S.C. § 1125(c); (d) trademark counterfeiting under 15 U.S.C. § 1114; (e) copyright infringement under 17 U.S.C. § 501 *et seq.*; (f) unfair competition under the common law of the State of Georgia; (g) Deceptive Trade Practices under O.C.G.A. § 10-1-372; and (h) encroachment in violation of O.C.G.A. § 23-2-55.

4. Master Metal Works was served with the Complaint on March 13, 2020.

5. The Court has personal jurisdiction over each of the parties for purposes of this action.

6. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1116 and 1121(a), 17 U.S.C. § 501 *et seq.*, 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 1367(a).

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

8. Master Metal Works agrees that the following United States Trademark Registrations owned by Monster featuring its ⓜ® mark ("Claw Icon" mark) (and collectively, the "Asserted Marks") are valid and enforceable:

| MARK | REG. NO. |
|------|----------|
| ⓜ | 2,903,214 |
| ⓜ | 3,434,821 |
| ⓜ | 3,434,822 |

| MARK | REG. NO. |
|---|---|
| (claw logo) | 3,963,668 |
| (claw logo) | 3,963,669 |
| (claw logo) | 4,011,301 |
| (claw logo) | 4,051,650 |
| (claw logo) | 4,625,118 |
| (claw logo) | 4,822,675 |
| (claw logo) | 4,721,432 |
| (claw logo) | 5,889,011 |
| (claw logo) | 5,022,676 |
| (claw logo) | 5,580,962 |

| MARK | REG. NO. |
|---|---|
| MONSTER ENERGY (logo) | 4,332,062 |
| MONSTER ENERGY (logo) | 4,660,598 |
| MONSTER ENERGY (logo) | 3,134,841 |
| MONSTER ENERGY (logo) | 3,908,600 |
| MONSTER ENERGY (logo) | 3,908,601 |
| MONSTER ENERGY (logo) | 3,914,828 |
| MONSTER ENERGY (logo) | 3,923,683 |
| MONSTER ENERGY (logo, black background) | 4,865,702 |

9. Master Metal Works agrees that as a result of Monster's substantial and continuous use of the Asserted Marks, Monster is also the owner of common-law rights in the marks.

10. Master Metal Works agrees that the following United States Copyright Registrations owned by Monster for works that feature the Claw Icon are valid and enforceable: U.S. Copyright Registration Nos. VA 1-727-577, VA 1-737-654, VA 1-749-215, and VA 1-789-900 (the "Copyrighted Works").

11. Master Metal Works agrees that Monster is the owner of trade dress rights in the overall appearance of the packaging design shown below (the "Monster Trade Dress"):

 

12. Without permission or consent from Monster, Master Metal Works has used Monster's Claw Icon mark (or a colorable imitation thereof), Copyrighted Works, and trade dress confusingly similar to the Monster Trade Dress in connection with marketing, promoting, and providing Master Metal Work's goods and services as shown, for example, below:








13. At no time has Monster ever given Master Metal Works license, permission or authority to use or display any of Monster's Asserted Marks, Copyrighted Works, or Monster Trade Dress.

14. Master Metal Works agrees that its activities described herein infringe Monster's rights in the Asserted Marks, Copyrighted Works, and Monster Trade Dress, and dilute the distinctive qualities of Monster's famous Claw Icon mark.

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

A. Judgment is entered in favor of Monster and against Master Metal Works on Monster's claims for: (i) trademark infringement under 15 U.S.C. § 1114; (ii) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a); (iii) trademark dilution under 15 U.S.C. § 1125(c); (iv) trademark counterfeiting under 15 U.S.C. § 1114; (v) copyright infringement under 17 U.S.C. § 501 *et seq.*; (vi) unfair competition under the common law of the State of Georgia; (vii) Deceptive Trade Practices

under O.C.G.A. § 10-1-372; and (vii) encroachment in violation of O.C.G.A. § 23-2-55.

B.     Master Metal Works, its officers, principals, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, are permanently enjoined from:

    i.    using Monster's Asserted Marks, including the Claw Icon Mark, and/or the Monster Trade Dress in connection with Master Metal Works business or the goods or services offered by Master Metal Works, including in connection with advertising, promoting, selling or offering to sell Master Metal Work's goods or services, and/or using any confusingly similar variations of Monster's Asserted Marks and/or the Monster Trade Dress (including using the Master Metal Works mark in the color green or against a background that is principally green or green and black) in any manner that is likely to create the impression that Master Metal Works or the goods or services offered by Master Metal Works originate from Monster, are endorsed by Monster, or are connected in any way with Monster;

    ii.   manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products or services bearing or using the Asserted Marks, Monster Trade Dress, and/or any confusingly similar marks or trade dress;

    iii.  without permission or authorization from Monster, copying, reproducing, distributing, displaying, creating derivative works of Monster's Copyrighted Works and/or importing, manufacturing, or producing any products bearing copies of Monster's Copyrighted Works;

      iv.    otherwise infringing Monster's Asserted Marks, Monster Trade Dress, and/or Copyrighted Works, or otherwise diluting the Claw Icon Mark or any of Monster's other trademarks;

      v.    falsely designating the origin of Master Metal Work's goods or services in any manner suggesting that the goods or services originate from Monster;

      vi.    unfairly competing with Monster in any manner whatsoever; and

      vii.    causing a likelihood of confusion or injury to Monster's business reputation.

**IT IS SO ORDERED.**

Dated: May 28, 2020

Hon. Tilman E. (Tripp) Self, III
United States District Judge

AGREED TO BY:

| | |
|---|---|
| /s/ Ryan K. Walsh<br>Ryan K. Walsh<br>rkwalsh@jonesday.com<br>Ga. Bar No. 735910<br>JONES DAY<br>1420 Peachtree Street NE<br>Suite 800<br>Atlanta, GA 30309<br>Phone: (404) 521-3939<br>Facsimile: (404) 581-8330<br><br>Steven Nataupsky (Lead) (*Admitted Pro Hac Vice*)<br>Steven.nataupsky@knobbe.com<br>Lynda J. Zadra-Symes (*Admitted Pro Hac Vice*)<br>lynda.zadrasymes@knobbe.com<br>Matthew S. Bellinger (*Admitted Pro Hac Vice*)<br>matt.bellinger@knobbe.com<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street<br>Fourteenth Floor<br>Irvine, CA 92614<br>Phone: (949) 760-0404<br>Facsimile: (949) 760-9502<br><br>Attorneys for Plaintiff,<br>MONSTER ENERGY COMPANY | /s/ Samuel S. Sykes, II<br>Samuel Samson Sykes, II<br>John E. Hall , Jr.<br>Georgia Bar No. 227548<br>191 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, GA 30303-1775<br>4040-954-5000<br>ssykes@hallboothsmith.com<br>jhall@hallboothsmith.com<br><br>Attorneys for Defendant,<br>MASTER METAL WORKS, LLC |